IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL VELLON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, et al. | : | No. 06-5088 |

**REPORT AND RECOMMENDATION**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                     April 26, 2007

This is a counseled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on behalf of Angel Vellon ("Petitioner"), an individual currently incarcerated in State Correctional Institute-Greene ("SCI-Greene") in Waynesburg, Pennsylvania. For the reasons that follow, I recommend that the petition be dismissed.

**I.     FACTS AND PROCEDURAL HISTORY**

On November 13, 1998, following a two-day capital bench trial before the Honorable Gary S. Glazer of the Court of Common Pleas of Philadelphia County, Petitioner was convicted of first-degree murder, three counts of robbery, possessing an instrument of crime, and conspiracy.[1] Judge Glazer subsequently sentenced Petitioner to life imprisonment for the murder conviction, and to a consecutive aggregate term of 37½ to 75 years of imprisonment on the remaining convictions.

Petitioner appealed to the Pennsylvania Superior Court, which affirmed the

---

[1] The charges arose from the shooting death of Dong Kim in Philadelphia, Pennsylvania, on the afternoon of February 6, 1997.

judgments on April 4, 2000.  Commonwealth v. Vellon, 418 EDA 99 (Pa. Super. April 4, 2000).  Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on August 31, 2000.  Commonwealth v. Vellon, 275 E.D. ALLOC 2000 (Pa. Aug. 31, 2000).

On August 14, 2001, Petitioner filed a pro se application for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq.  Counsel was appointed and filed an amended PCRA petition on August 2, 2002, raising ineffective assistance of trial counsel for (1) failing to ensure that his waiver of a jury trial was voluntary, knowing and intelligent; (2) impeding his right to testify on his own behalf; and (3) failing to interview and present potential character witnesses.  The PCRA Court dismissed the petition without a hearing on January 19, 2003.

Petitioner appealed to the Pennsylvania Superior Court, raising the same three issues.  On April 2, 2004, the Superior Court affirmed the denial of PCRA relief.  Commonwealth v. Vellon, 618 EDA 2003 (Pa. Super. April 2, 2004).  Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on September 15, 2004.  Commonwealth v. Vellon, No. 150 E.A.L. 2004 (Pa. 2004).

On November 17, 2006, Petitioner filed the present counseled petition for writ of habeas corpus, raising the same three claims of ineffective assistance of trial counsel raised in his PCRA petition and appeal.  On March 2, 2007, Respondents filed an Answer

asserting that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

## II.   DISCUSSION

### A.   AEDPA's One-Year Statute of Limitations

Section 101 of AEDPA, effective April 24, 1996, amended federal habeas corpus law by imposing a one-year limitation period to an application for a writ of habeas corpus filed by a person in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one-year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Petitioner's conviction became final on November 29, 2000, when the time allowed for filing a petition for a writ of certiorari to the United States Supreme Court expired. See Supreme Court Rule 13(1) (petitioner has 90 days to file petition for certiorari); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same). As a result, Petitioner had until November 29, 2001, plus any time during which the limitations period was tolled, to file his federal habeas petition.

   B.   **Statutory Tolling**

Section 2244 provides that "the time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Here, Petitioner's one-year period for filing a federal habeas petition commenced running on November 30, 2000, and continued to run until it was tolled by the filing of Plaintiff's PCRA petition on August 14, 2001. At that time, 258 days had run on the one-year limitations period, and 107 days remained. See id.; see also Lovasz v. Vaughn, 134 F.3d 146, 148-149 (3d Cir. 1998) (finding AEDPA tolled by "properly filed application" for collateral review in state courts). Petitioner's PCRA petition was pending in the state courts from August 14, 2001, until September 15, 2004, when the Pennsylvania Supreme Court declined discretionary review of the order denying his PCRA petition.[2] Therefore, the AEDPA

---

[2]The 90-day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not

limitations period resumed on September 15, 2004, and Petitioner had 107 days – or until December 31, 2004 – to file a timely habeas petition. Because Petitioner did not file the present petition until November 15, 2006, he is barred from presenting his claims under section 2254, unless the petition is subject to equitable tolling.

### C.     Equitable Tolling

The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition. See Lawrence, 2007 WL 505972, at *6 ("We have not decided whether § 2244(d) allows for equitable tolling . . . [We] assume without deciding that it is"). The Third Circuit, however, has ruled that the one-year period of limitation for section 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).

Equitable tolling is proper in this Circuit only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (citation omitted). "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted).[3] The Third Circuit has identified four circumstances in which equitable tolling

---

toll the AEDPA limitations period. Lawrence v. Florida, – U.S. –, 2007 WL 505972 (2007). Nevertheless, tolling during that period would not make this petition timely.

[3]These standards are consistent with anticipated Supreme Court standards. For example, in assuming that equitable tolling is available, the United States Supreme Court recently stated that a litigant bears the burden of establishing two elements: "(1) that he has been pursuing his

is justified: (1) when the defendant has actively misled the plaintiff; (2) when the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) when the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum; or (4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Equitable tolling is to be invoked "only sparingly."  See United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

I do not find the instant matter to be one of those "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice."  See Jones, 195 F.3d at 159 (quoting Midgley, 142 F.3d at 179).  Petitioner presents the Court with no evidence that he was prevented in any way from filing a timely habeas petition.  Indeed, the counseled petition makes no reference whatsoever to untimeliness, and Petitioner did not file any response to the Commonwealth's statute of limitations argument.  Moreover, there is no evidence that Petitioner diligently pursued his claims between the time he was denied PCRA review in the Pennsylvania Supreme Court and

---

rights diligently, and (2) that some extraordinary circumstances stood in his way."  Lawrence, 2007 WL 505972, at *6 (citing Pace, 544 U.S. at 418).

the time the present petition was filed. This failure is underscored by the fact that the present petition raises the same three claims of ineffective assistance of counsel that were raised in the PCRA appeal. Because Petitioner has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair.

### III.   CONCLUSION

As set forth above, the one-year statute of limitations began to run when Petitioner's conviction became final on November 29, 2000. It was thereafter tolled from August 14, 2001, until September 15, 2004, during the pendency of his state PCRA proceedings. Because I conclude that equitable tolling does not apply, there was no further tolling of the limitation period. Consequently, the one-year limitation period expired on December 31, 2004, and the present petition, filed on November 17, 2006, is untimely.[4]

---

[4]I further find that a Certificate of Appealability ("COA") is unwarranted. Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a COA should issue. Where the petition is untimely or otherwise procedurally defective, a COA is not warranted unless the petitioner demonstrates that reasonable jurists would: (1) "find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where, as here, a plain procedural bar is present, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this   26th     day of April, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be DISMISSED.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

---

/s/ Elizabeth T. Hey
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGEL VELLON                    :        CIVIL ACTION
                                :
         v.                     :
                                :
LOUIS FOLIGNO, et al.           :        No. 06-5088

**O R D E R**

AND NOW, this      day of                  , upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, and any objections made thereto, IT IS ORDERED that:

    1.  The Report and Recommendation is APPROVED and ADOPTED.

    2.  The petition filed pursuant to 28 U.S.C. § 2254 is DISMISSED.

    3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
JAMES T. GILES, J.